# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00454-CV

**R. D. and S. C., Appellants**

**v.**

**Texas Department of Family and Protective Services, Appellee**

**FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
NO. 2015-0550, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

R.D. and S.C. appeal from the trial court's order terminating their parental rights to their three children: K.F.D., K.H.D., and K.R.D. The jury found that appellants committed acts and omissions justifying termination of their parental rights. *See* Tex. Fam. Code § 161.001(b)(1)(D), (E), (O), (P). The jury also found that the termination of their parental rights was in the children's best interest. Tex. Fam. Code § 161.001(b)(2).

Both R.D.'s and S.C.'s court-appointed appellate counsel have each filed a brief discussing the record, the elements of the cause of action, and the standard of review, and each concluded that their respective client has no arguable grounds for appeal and any appeal would be frivolous. *See Anders v. California*, 386 U.S. 738, 744 (1967); *High v. State*, 573 S.W.2d 807, 811 (Tex. Crim. App. 1978); *see also Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646–47 (Tex. App.—Austin 2005, pet. denied) (applying *Anders* procedure in termination of parental rights case). R.D.'s and S.C.'s respective counsel have certified to this Court

that they provided their respective client a copy of the brief along with a notice advising their client of their rights to examine the appellate record and to file a pro se brief. No pro se brief has been filed by either appellant. We have thoroughly reviewed the record and counsel's briefs, and we agree with the assessment that the appeal is frivolous and without merit.

However, we have found two clerical errors in the final decree. Section eight of the decree cites to Texas Family Code, Section 161.00l(b)(l)(N) as the fourth ground for termination with regard to both R.D.'s and S.C.'s parental rights. These two paragraphs of the decree should instead cite to Section 161.001(b)(1)(O), which is the proper subsection for the substantive ground recited in the judgment[1] and which comports with the jury's findings.[2] We therefore modify the trial court's final decree to reflect the proper citation for the fourth statutory ground for termination found by the jury, which is Texas Family Code, Section 161.001(b)(1)(O). *See R.J.O. v. Texas Dept. of Family & Protective Servs.*, 03-13-00478-CV, 2013 WL 6060778, at *2 (Tex. App.—Austin Nov. 13, 2013, no pet.) (reforming judgment to remove ground for termination when no evidence supported ground).

---

[1] In section eight of the decree, the court states, "The Jury found by clear and convincing evidence that [appellant S.C.] failed to comply with the provisions of a court order that specifically established the actions necessary for her to obtain the return of the children who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the children's removal from the parent under Chapter 262 for the abuse or neglect of the children, Texas Family Code § 161.00l(b)(l)(N)." The decree repeated the identical language with respect to appellant R.D.

[2] The jury charge asked, in relevant part, whether it had been proven by clear and convincing evidence that "[appellant R.D.] has failed to comply with the provisions of a court order that specifically established the actions necessary for the father to obtain the return of the children [K.F.D., K.H.D., and/or K.R.D.] who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the children's removal from the parent under Chapter 262 for the abuse or neglect of the children." The charge repeated the identical language with respect to appellant S.C.

We affirm the district court's final decree of termination as modified. Appellants' counsel's respective motions to withdraw are denied.[3]

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Goodwin and Bourland

Modified and, as Modified, Affirmed

Filed: November 22, 2016

---

[3] In *In re P.M.*, the Texas Supreme Court held that the right to counsel in suits seeking termination of parental rights extends to "all proceedings in [the Texas Supreme Court], including the filing of a petition for review." *In re P.M.*, No. 15–0171, 2016 WL 1274748 (Tex. Apr. 1, 2016). Thus, counsel's obligations to R.D. and S.C. have not yet been discharged. *See id.* If R.D. or S.C., after consulting with their respective counsel, desires to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *See id.*